UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JAMIE WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 3:20-cv-268 |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.    NATURE OF COMPLAINT**

Plaintiff, Jamie Woods, ("Woods"), by counsel, brings this action against Defendant, Federal Express Corporation ("Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.* and Indiana law.

**II.    PARTIES**

2.    Woods is a resident of the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3.    Defendant is a corporation that maintains offices and conducts business within the geographic environs of the Southern District of Indiana.

**III.    JURISDICTION AND VENUE**

4.    Jurisdiction is conferred on this court by 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367 and 42 U.S.C. §12117.

5.    Jurisdiction is conferred on Woods's state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of

the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

7. Woods was an "employee" as that term is defined by 42 U.S.C. §12111(4).

8. Woods is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Woods's disability and/or regarded Woods as being disabled and/or Woods has a record of being disabled.

9. Woods satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on his disability and retaliation. Woods received the required Notice of Right to Sue and timely files this action.

10. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV.    FACTUAL ALLEGATIONS

11. In or about July 2014, Defendant hired Woods as a Courier.

12. At all relevant times, Woods met or exceeded Defendant's legitimate performance expectations.

13. In or about April 2019, while on the job, Woods suffered an ankle injury due to a defective step-aid.

14. Woods filed a claim for worker's compensation benefits and was off work for approximately two months.

15. After Woods returned to work, he routinely brought up the need to fix the step-aids because they posed a risk to employees, but his requests went unanswered.

16. Woods last addressed the issue of the step-aids with his supervisor, Norman Mejia ("Mejia"), in February 2020, who appeared annoyed by Woods's comments.

17. In or about February 2020, Woods was out sick due to the flu. He utilized paid time off and provided a doctor's note to Mejia.

18. On or about March 6, 2020, Woods left his vehicle running while he was not inside.

19. When Management, including Karen Mayer ("Mayer"), Senior Manager, discovered that Woods had left his vehicle running, Woods was issued a Warning Letter.

20. Similarly-situated individuals who had not utilized worker's compensation leave, including Brian Foster, were not disciplined for engaging in the same conduct.

21. On the same day, in violation of Defendant's policy, Defendant issued Woods another Warning Letter for unsatisfactory attendance, which included dates that should have been covered by worker's compensation.

22. Woods brought this issue to his new supervisor, Nick Mand ("Mand"), who said he would look into it.

23. Mand later told Woods that Mayer had ordered him to give Woods the Warning Letter.

24. In early 2020, Woods began experiencing anxiety, for which he sought treatment from his physician.

25. Woods is disabled as that term is defined by the ADA.

26. Woods informed Defendant of his disability.

27. As part of treatment for his disability, Woods was prescribed a new medication, which was safe to take while operating a vehicle.

28. Woods informed Mejia and/or Mand that he was starting a new medication and told them the name of the medication.

29. On or about March 16, 2020, the first day that Woods was taking his new medication, Woods passed out while driving his route and struck a tree.

30. Woods was taken to St. Vincent's Hospital in Evansville, where he stayed for five hours.

31. Woods has no specific memory of the accident.

32. Defendant was made aware of the accident, and Mejia came to the hospital where he told Woods's wife that Woods needed to take better care of himself.

33. After the accident, Woods remained off work for a week, during which time he had a Holter monitor placed to check his heart.

34. While Woods was off work, Mejia instructed Woods to "get his sleep study taken care of," which is required for his Department of Transportation physical.

35. On or about March 22, 2020, Woods completed a sleep study.

36. On or about March 23, 2020, Woods's doctor released Woods to return to work with no restrictions, but Defendant would not allow him to return.

37. On or about March 24, 2020, Defendant terminated Woods's employment for the accident that occurred on March 16, 2020. The termination letter was dated March 19, 2020.

38. Defendant determined that the accident, which was the result of medication Woods was taking for his disability, was preventable.

39. Other than a brief statement taken from Woods the day after his accident, Defendant did not seek any information from Woods during the investigation.

40. Defendant's stated reason for the termination is merely pre-text for disability discrimination and retaliation for filing a worker's compensation claim.

41. Similarly-situated individuals who are not disabled and/or have not filed a worker's compensation claim have been treated more favorably than Woods.

42. Woods has been damaged by Defendant's unlawful actions.

## V.    CAUSES OF ACTION

### COUNT I: ADA – DISABILITY DISCRIMINATION

43. Woods hereby incorporates by reference paragraphs one (1) through forty-two (42) as if the same were set forth at length herein.

44. Woods was discriminated against because of his disability.

45. Woods was subjected to a hostile work environment due to his disability.

46. Defendant willfully and intentionally discriminated against Woods on the basis of his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

47. Woods has suffered damages as a result of Defendant's actions.

### COUNT II: ADA – RETALIATION

48. Woods hereby incorporates by reference paragraphs one (1) through forty-seven (47) as if the same were set forth at length herein.

49. Defendant retaliated against Woods for having complained of disability discrimination by suspending and ultimately terminating his employment.

50. Defendant's actions violated the anti-retaliation provisions of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq*.

51. Defendant's actions were intentional, malicious, and done with reckless disregard for Woods' legally protected rights.

52. Woods suffered damages as a result of Defendant's actions.

### COUNT III: RETALIATION – WORKER'S COMPENSATION

53. Woods hereby incorporates by reference paragraphs one (1) through fifty-two (52) as if the same were set forth at length herein.

54. Defendant has retaliated against Woods for his pursuit of Workers' Compensation Benefits by suspending and terminating his employment in violation of Indiana law.

55. Defendant's actions were intentional, malicious, and done with reckless disregard for Woods' legally protected rights.

56. Woods has suffered damages as a result of Defendant's actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Jamie Woods, by counsel, respectfully requests that this Court find for him and order Defendant to:

1. Reinstate Plaintiff, Jamie Woods, to the pay, salary and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Plaintiff of front pay in lieu thereof;

2. Compensation for all lost wages and benefits incurred as a result of Defendant's unlawful actions;

3. Compensatory, consequential and emotional distress damages;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Punitive damages under ADA;

6. Pre- and post-judgment interest on all sums recoverable;

7. Costs and attorneys' fees incurred as a result of bringing this action; and

8. All other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

/s/ Lauren E. Berger
Lauren E. Berger, #29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1004
E-mail:    lberger@bdlegal.com
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jamie Woods, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

/s/ Lauren E. Berger
Lauren E. Berger, #29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1004
E-mail:     lberger@bdlegal.com
*Counsel for Plaintiff*